**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael Wayne SHOCKLEY,
Defendant-Appellant.**

No. 84–8112.

United States Court of Appeals,
Eleventh Circuit.

Sept. 12, 1984.

B.W. Crecelius, Jr. (court-appointed), Decatur, Ga., for defendant-appellant.

Julie E. Carnes, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, CLARK, Circuit Judge, and THOMAS[*], District Judge.

PER CURIAM:

Defendant was convicted of burning a building used in or affecting interstate commerce, conspiring to burn the building, and mail fraud in obtaining a policy on the building and in making a claim on that policy.

Defendant's attack on the sufficiency of the evidence is essentially an argument over the credibility of co-defendant and government witness Mays. Mays was a convicted felon who testified pursuant to a plea agreement and stated that he was hired by defendant to burn the building. Credibility was an issue for the jury, and it believed Mays.

The government adequately proved use of the building in interstate commerce or in activities affecting interstate commerce, which gave jurisdiction to the district court on the arson and conspiracy counts. Prior to its destruction the building had been closed for repairs. Defendant did some remodeling and repair work. He did not remove restaurant equipment during the time that the building was closed and not used as a restaurant. Defendant also told persons that the restaurant would soon reopen. In these circumstances the building did not lose its interstate character. *See* U.S. v. Belcher, 577 F.Supp. 1241 (E.D.Va. 1983); *accord* U.S. v. Grossman, 608 F.2d 534 (4th Cir.1979).

The evidence adequately showed that defendant caused the use of the mails in his scheme to defraud. He secured insurance approximately three weeks before the fire through a representative of a New York agency. The policy was issued in the name of the agency and mailed to the local representative four days before the fire.

Defendant could foresee that the local representative would receive documents through the mail from the New York agency. Further, there is no merit to the contention that since the insurance policy was mailed to the Georgia agent after the defendant was already insured, the mailing could not be in furtherance of the scheme to defraud. Defendant's scheme was not complete upon purchasing coverage. A scheme to obtain insurance proceeds by fraud is not complete until the purpose of the scheme—acquisition of the proceeds— is fulfilled. *Bannister v. U.S.,* 379 F.2d 750 (5th Cir.1967).

While on re-direct examination, co-defendant Mays testified that he was supposed to take a lie detector test. It was not error to deny a motion for mistrial. Mays did not state that he had taken a test nor did he refer to any test results. This testimony neither enhanced nor detracted from his credibility. Moreover, the district court acceded to defendant's request to question Mays as an alternative to a cautionary instruction. Upon examination Mays admitted that he never actually took the test.

AFFIRMED.

[*] Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.